## Commonwealth v. Kaiser

*Gregory V. Smith, Assistant District Attorney,* for Commonwealth.

*Peter T. Campana,* for defendant.

RAUP, *J.,* May 19, 1975 — Defendant has applied to dismiss the indictment because of the failure by the Commonwealth to bring the case to trial within 270 days of the filing of the criminal complaint as required by Pa.R.Crim.P. 1100. That rule provides, in pertinent part, as follows:

"Rule 1100   Prompt Trial.

"(a) (1) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed . . .

"(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

"(1) The unavailability of the defendant or his attorney;

"(2) Any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

The explanatory note to Rule 1100 provides, in part:

"For purposes of subparagraph (d) (1), in addition to any other circumstances precluding the unavailability of the defendant or his attorney, the defendant should be deemed unavailable for any period of time during which he could not be ap-

prehended because his whereabouts were unknown and could not be determined by due diligence; . . ."

The criminal complaint in this case was filed on December 27, 1973, and, therefore, the 270-day limitation applies. The 270th day after the filing of the complaint was September 27, 1974. However, the Commonwealth contends that the period should be extended because of the unavailability of defendant at certain critical times. The following is a chronology of relevant events in the processing of this case.

| Date | Lapse | Event |
|---|---|---|
| December 27, 1973 | | Summons issued but returned to magistrate undelivered. |
| January 24, 1974 | (28 days) | Warrant issued |
| March 26, 1974 | (60) | Warrant served on defendant. |
| April 5, 1974 | (10) | Preliminary hearing scheduled. An attorney appeared in behalf of defendant and asked for a continuance in order that a settlement of the charge might be attempted. Defendant denies that the attorney represented him in this case although the attorney had represented him on a prior occasion. |
| July 30, 1974 | | Magistrate mails notice of next scheduled preliminary hearing. |
| August 15, 1974 | (132) | Preliminary hearing scheduled. Commonwealth witnesses present but defendant failed to show. Warrant issued for his arrest. |
| September 30, 1974 | (46) | Warrant served on defendant. Released on bail. |
| October 1, 2, 15 | | Letters from magistrate rescheduling preliminary hearing for October 31. |

| | | |
|---|---|---|
| October 31, 1974 | (31) | Preliminary hearing scheduled — all Commonwealth witnesses present again, but defendant failed to show. Defendant called magistrate after the hearing advising of transportation difficulties and magistrate advised defendant that the hearing would be continued but that defendant had to report to the magistrate by 5:00 p.m. the next day. November 1st, for personal notice of a new hearing. |
| November 1, 1974 | | Defendant failed to show in accordance with the conversation with magistrate. Warrant issued for his arrest. |
| January 21, 1975 | (82) | Defendant again arrested and waives preliminary hearing for court. |
| March 5, 1975 | | Grand Jury approves indictment. |
| May 5, 1975 | | Present motion filed by defendant to dismiss indictment. |

There were four periods during which the Commonwealth contends that the trial deadline should have been extended by reason of the unavailability of defendant:

1. The period between January 24 and March 26, 1974; between the issuance and service of the arrest warrant, a period of 60 days.

2. The period between April 5 and August 15, 1974, a period of 132 days. Ostensibly, this delay was precipitated by the request of defendant's purported counsel for the purpose of attempting a settlement of the case.

3. From August 15 when defendant failed to appear for a preliminary hearing to September 30, 1974, when defendant was arrested, a period of 46 days.

4. From October 31, 1974, until January 21, 1975, the lapse between defendant's failure to appear at a preliminary hearing and his arrest, a period of 82 days.

The total of these periods would be 320 days. From the lapse of the 270 days (September 27, 1974) until the date of this order, 246 days have elapsed.

The first period of 60 days will not justify an extension of the Rule 1100 period. The officer testified that he had no difficulty serving defendant, and defendant testified that he was residing at his known address. Hence, defendant was not "unavailable" for service.

The second period, 132 days, was allegedly caused by a continuance request. Since the first 30 days of a continuance at defendant's request will not extend the Rule 1100 period, the maximum extension on this basis would be 102 days. (For the reasons hereinafter set forth, it is not necessary for the court to decide whether this continuance was obtained in such a way as to suspend the prompt trial deadline by 102 days. A mere oral request by an attorney, not in the presence of his client, probably does not justify placing a criminal case "on the shelf" for 132 days, especially when there is no indication of any communication whatsoever between the defense and the magistrate about the contemplated settlement during that period. For such a continuance to operate as a waiver of Rule 1100, the best practice would be to obtain an express waiver by defendant.)

Both the third and fourth periods, 46 and 82 days respectively, were caused by the unavailability of defendant, and, hence, those extensions are allowed.

To recapitulate, the maximum extension of the deadline of September 27, 1974, would be for periods of 102 days, 46 days and 82 days, or a total of 230 days; the Rule 1100 deadline would, therefore, be May 15, 1975. Criminal trials were not scheduled to begin until May 19, 1975.

The court concludes that Rule 1100 has not been complied with, and the charge will be denied.

## ORDER

And now, May 19, 1975, for the reasons set forth in the foregoing opinion, defendant's application to dismiss the indictment for failure of the Commonwealth to provide a prompt trial is granted.